WILLIAM F. MINK and LEWIS F. MINK,

*vs.*

ELECTRICAL WORKERS OF DELAWARE, INCORPORATED, a Delaware corporation,

*New Castle, June 17, 1949.*

*Robert C. Barab*, for plaintiffs.

*Daniel L. Herrmann*, for defendant.

SEITZ, Vice Chancellor: The sole issue here is the right of the plaintiffs to have a contract of sale reformed to delete a provision giving the defendant the right to abrogate the agreement in the event a certain authorization was not procured.

Under date of November 18, 1947, plaintiffs contracted to sell defendant certain real estate for $13,000. Under the terms of the contract, defendant was to pay $1,000 at the execution date, and the balance at the date of settlement. The $1,000. was paid. The agreement further provided:

"It is agreed by the parties hereto that this agreement is entered

into with the understanding that the party of the second part must obtain authority to consummate this agreement from the International Brotherhood of Electrical Workers, whose approval must be had before the party of the second part may expend funds for the acquisition of real estate; and it is further agreed by the parties of the first part that if at the expiration of thirty (30) days from the date hereof the party of the second part shall be unable to procure from the proper officers of the International Brotherhood of Electrical Workers the authority for the purchase of said real estate, then, in that event, the deposit of One Thousand Dollars ($1,000.00) shall be returned in full to the party of the second part."

On December 11, 1947—within the prescribed thirty day period—defendant by its attorney advised plaintiffs' agent by letter that the transaction could not be completed. The letter of defendant's attorney enclosed a copy of a letter dated December 8, 1947, received by him from the International Brotherhood of Electrical Workers, Local 313, signed by its business manager which reads as follows:

"I have been instructed by the officers of the International Brotherhood of Electrical Workers that the property at 414 Tatnall Street will cost more than the treasury should expend at the present time.

"Under these circumstances, I must notify you that Local Union No. 313, due to the disapproval by the International Brotherhood, cannot at this time purchase any buildings. Please take this matter up with Mr. Mink and have him return to us our deposit of One Thousand Dollars ($1,000.00)."

Thereafter, plaintiffs' attorney requested proof of the inability of the buyers to procure authority to consummate the sale. Plaintiffs' attorney was then given the copy of a letter addressed to the defendant from the International which evidenced its earlier refusal to permit the Local to purchase the property.

By their amended complaint plaintiffs seek to have the agreement reformed by deleting the condition therein subjecting the agreement to the approval of International Union. Plaintiffs contend that at the time of the execution of the agreement, defendant was not affiliated with the International Union, but was organized for the sole purpose

of acquiring and retaining title to real estate; that defendant was under no obligation to obtain authority from the International Union to consummate the contract, or to expend funds to acquire real estate; that when the trustees of the defendant corporation executed the contract they knew that the defendant was not affiliated with the International, and was under no obligation to consummate the contract. Consequently, plaintiffs allege that the trustees falsely represented to plaintiffs that defendant was affiliated with the International Union and required such authority. Plaintiffs then allege that under the mistaken belief that the false representations were true they permitted the provision with respect to the approval of International to be inserted in the agreement.

Plaintiffs' amended complaint prays in the alternative for specific performance or damages. Defendant's answer, in substance, puts in issue plaintiffs' right to have the contract reformed, and requests a declaration that plaintiffs are not entitled to specific performance. Defendant also counterclaims to recover the $1,000 deposit.

Plaintiffs and defendant have filed motions for summary judgment based on the pleadings, depositions and affidavits. This is the decision on these motions. It is tacitly conceded by the plaintiffs that they must lose and the defendant win should it be determined that the plaintiffs are not entitled to have the contract reformed.

Plaintiffs' argument is that the defendant corporation, being a separate entity from the Local Union, had no legal connection with the International Union. Plaintiffs concede that the Local Union needed to procure the consent of the International before it could purchase the property, but they say this obligation did not apply to the corporation, and consequently the corporation's trustees misrepresented the facts when they required the insertion of such a provision knowing that such authority was not needed.

There is really no substantial fact in issue in this case. It presents the not unusual case where the court must determine the meaning of the language employed in the light of the realities of the situation. What was the actual situation here? The Local Union could not legally hold title to real estate. Its members desired to explore the possibility of purchasing property for a meeting hall. A committee of three members was appointed to investigate and report back to the Local. After the investigation, the committee members decided that the property owned by plaintiffs would be a desirable purchase. Realizing that the Local could not hold title, they procured the services of an attorney to cause a non-profit, non-stock corporation to be created—the present defendant. The members of the Local Union's committee became the trustees of the defendant corporation. Thus, it was the corporation defendant, by its trustees, which executed the contract with plaintiffs.

In the deposition of one of the trustees of the defendant corporation it appears that the trustee admitted that the defendant corporation was under no legal obligation to procure the consent of International before purchasing the property. Plaintiffs' attorney seizes on this admission as clear evidence that the quoted condition should never have been inserted in the agreement.

First off, insofar as the question of fraud is concerned, I do not believe there is a shred of evidence in the papers relevant to the present motions from which any inference of fraud can be drawn. Plaintiffs' attorney so conceded at the argument.

It is amply evident to me from the pleadings and depositions that the trustees felt the approval of International was necessary. The fact of the creation of a corporate entity to take title did not alter the basic situation. The defendant corporation was a mere adjunct of the Local Union, and its very life blood, i. e., financial support and

personnel, came from the Local Union. As stated, the trustees of the corporation were the members of the committee appointed by the Local to investigate the possibilities of procuring property. They fully recognized that the Local Union, an unincorporated body, could not hold title to real estate. They also recognized that the Local could not purchase property without the consent of International. The creation of a corporation to take title in the event the International permitted the Local to purchase property did not alter the basic fact that the trustees knew that International's consent was a practical necessity. Such being the case, as this case stands, it is unimportant that the corporation was perhaps under no so-called "legal" duty to procure approval of the International before purchasing property. Certainly the Local needed such approval, and it was obviously the real beneficiary of the agreement from the defendant's point of view. Plaintiffs have demonstrated no such legal or factual mistake in the inclusion of the quoted provision as would entitle them to have it deleted.

I conclude that since there is no genuine issue as to any fact here material, defendant is entitled to judgment in its favor as a matter of law. In consequence, the plaintiffs are not entitled to specific performance because the defendant cancelled the agreement in accordance with its terms. Having so done, the defendant is entitled to the return of the $1,000 deposit as provided for in the agreement.

Plaintiffs' motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

An order accordingly will be entered on notice.